UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEE ANDREW CAIN, ) | ) | 1:06-CV-01650 OWW SMS HC |
| Petitioner, | ) | |
| v. | ) | ORDER GRANTING RESPONDENT'S MOTION FOR STAY |
| DENNIS SMITH, Warden | ) | [Doc. #8] |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On December 20, 2006, this Court granted the petition for writ of habeas corpus. Respondent was ordered to consider the appropriateness of transferring Petitioner to a residential re-entry center ("RRC") in light of the factors set forth in 18 U.S.C. §§ 3621(b), not excluding any other factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21. Respondent was directed to make this determination within 14 days of the date of the December 20, 2006, Order (hereinafter "Order").

On January 12, 2007, Respondent filed a motion for stay of the Order. On January 24, 2007, Petitioner filed an opposition to Respondent's motion to stay.

**DISCUSSION**

Pending before the Court is Respondent's motion to stay the Order. Respondent asks that the Order be stayed until January 4, 2008, to give Respondent an opportunity to appeal the Order to the

Ninth Circuit. Respondent argues that "Program Statement 7310.04 requires the BOP to begin release planning at an inmate's first team meeting." Respondent's Motion at 2. Pursuant to Program Statement 7310.04 § 8, "A final and specific release plan, including a decision as to [RRC] referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date." Id. In this case, Petitioner is not scheduled for release until, at the earliest, February 24, 2010. Id.

Petitioner opposes Respondent's motion for stay and moves for an immediate enforcement of the judgment. Petitioner argues he could easily be redesignated back to a Federal Prison Camp if the Ninth Circuit overturns the Court's Order. He further argues that Respondent contradicts himself in his arguments with respect to the appropriate time for a release evaluation. Petitioner also states he is asking for immediate redesignation to an RRC.

Respondent's arguments for a stay are persuasive, but the Court does not agree with the length of the stay requested. Considering the large quantity of similar cases being filed, the Court's caseload would be significantly burdened with these stagnant cases if they were stayed for such long periods of time. However, Petitioner will not be prejudiced by a short stay, because Petitioner is not automatically entitled to a redesignation to an RRC. The BOP retains the *discretion* under 18 U.S.C. § 3621(b) to transfer Petitioner to an RRC, and the Order granting the petition only directed Respondent to *consider* whether it would be appropriate to transfer Petitioner to an RRC in light of the five factors set forth in § 3621(b). Given Petitioner will not be released until 2010 at the earliest, a stay of six months is not unreasonable.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion for stay of the Order is GRANTED;

2. Respondent is ORDERED to comply with the Order prior to July 31, 2007;

IT IS SO ORDERED.

**Dated:   February 7, 2007**         /s/ Oliver W. Wanger
emm0d6                                UNITED STATES DISTRICT JUDGE